STATE of Missouri, Respondent,

v.

Jamell DAVIS, Appellant.

Jamell DAVIS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 65187, 67533.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 5, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 17, 1996.

Application to Transfer Denied
Feb. 20, 1996.

Deborah B. Wafer, District Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Assistant Attorney General, Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Jamell Davis, appeals from his judgments of conviction, following a jury trial, of murder in the first degree and armed criminal action. He was sentenced to consecutive terms of life imprisonment without probation or parole, and thirty years, respectively. He also appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

The evidence, viewed in the light most favorable to the verdict, reveals that in the early morning hours of December 23, 1992, defendant was a guest at a party given at the home where the victim lived. Defendant and victim, who was fifteen years old at the time of her death, were involved in a relationship. Defendant and victim started wrestling, and victim accidently bumped defendant's nose, causing it to bleed. Defendant said to victim, "I'm going to kill you, bitch. You think I'm playing." Shortly after this incident, defendant went to his car and got a revolver.

Several guests testified that defendant repeatedly displayed the gun throughout the night, frequently pointing the gun at victim and telling her, "I'm going to kill you, white bitch. You think I'm playing."

At approximately 4:00 a.m., defendant unloaded his gun and then replaced only one bullet. He pointed the gun at victim, who was walking away from him and repeatedly told her, "I'm going to kill you, white bitch." Defendant pulled the trigger three times. On the third pull, the gun discharged. The bullet entered the back of victim's head. Victim convulsed violently and died. After threatening the remaining party guests about talking about the incident, defendant calmly walked out of the building.

One of the victim's friends called the police. The police interviewed the party guests and all identified defendant as the killer.

When the police picked defendant up to question him, defendant confessed to shooting victim and told police that he had thrown the gun into the Mississippi River. Although a diving team searched the area described by defendant, they did not find the gun.

■ In his first point, defendant claims the trial court erred in overruling his motions for judgment of acquittal and in entering judgment against defendant on the murder count because the state did not present substantial evidence that defendant deliberated before killing victim. Defendant now contends he was merely "joking around" with the victim and that the shooting was accidental. This issue was never raised at trial or in defendant's motion for new trial. Defendant's defense was alibi. We therefore review for plain error. Rule 30.20.

■ When we review a challenge to the sufficiency of the evidence, our review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989).

■ "A person commits the crime of murder in the first degree if he knowingly causes the death of another person after deliberation upon the matter." § 565.020, RSMo 1994. " 'Deliberation' means cool reflection for any length of time no matter how brief." § 565.002(3), RSMo 1994. Whether a defendant possessed the requisite mental state is often inferred from the circumstances and the jury must make its determination by both the act and the surrounding circumstances. *State v. Rowe*, 838 S.W.2d 103, 111 (Mo.App.E.D.1992).

■ Here, defendant repeatedly told victim that he was not playing, but was going to kill her. Although defendant claims his threats were in jest, the other guests at the party testified that his words and actions, though apparently playful, had a serious undertone.

Defendant deliberately put a bullet in his gun, aimed directly at victim's head, then pulled the trigger in rapid succession until it discharged, repeatedly saying, "I'm going to kill you, white bitch." Whether there is deliberation is a fact question for the jury. *State v. Fuller*, 880 S.W.2d 589, 594 (Mo.App. 1994). A reasonable juror could certainly infer that the defendant coolly reflected before shooting victim from the circumstances surrounding defendant's act. He verbalized a threat, then used a deadly weapon on a vital area of the victim's body as she was walking away from him. Defendant pulled the trigger three times before the fatal shot was fired. Even if we disregard defendant's earlier threats against the victim, the fact that he shot her in the head with a revolver supports the jury's finding that the defendant knowingly fired his gun with the awareness the bullet was practically certain to cause victim's death. See e.g. *State v. Mallett*, 732 S.W.2d 527, 533 (Mo. banc 1987). Defendant's first point is denied.

Defendant's remaining points concern the denial of his Rule 29.15 motion. We have reviewed the record. The trial court's judgment is based on findings of fact that are not clearly erroneous; no error of law appears. A written opinion on these points would have no precedential value. Defendant's remaining points are denied. Rule 84.16(b).

Defendant's judgments of conviction are affirmed. The denial of defendant's Rule 29.15 motion is affirmed.

CRAHAN, P.J., and DOWD, J., concur.